**TEXAS INFRA-RED RADIANT COMPANY, Inc., et al., Appellants,**

v.

**Margaret ERWIN, Appellee.**

No. 4011.

Court of Civil Appeals of Texas.

Eastland.

Nov. 12, 1965.

Rehearing Denied Dec. 3, 1965.

**492**

Seymour Lieberman, Houston, for appellants.

Monroe R. Talley, Houston, for appellee.

GRISSOM, Chief Justice.

Mrs. Margaret Erwin obtained a divorce from her husband, Cyral P. Erwin, and a division of their community property. That judgment decreed to the wife the beneficial interest in 10% of the stock standing on the books of the defendant corporations in the name of Mr. Erwin. 90% was vested in the husband, subject to a lien upon all the stock, with provision that all shares should be held in trust with the husband having the right to vote it. The judgment provided that upon fulfillment of all of Mr. Erwin's obligations, 90% of the stock should be returned to him but that 10% should be retained by the trustee in accord with other provisions of the judgment. It then recited that Mrs. Erwin was the beneficial owner of 10% of all the stock turned over by her husband to said trustee; that all income therefrom or proceeds of a sale thereof should be hers; that the proceeds of and income from her stock should be turned over to her in her absolute right. There was a provision that in the event of a trustee's sale, at Mrs. Erwin's election, her 10% of the stock might be sold by the trustee with the husband's 90% but that the proceeds of said 10% "shall be hers absolutely." The judgment recited that Mrs. Erwin should have no legal concern whether dividends were paid and that she was restricted to receipt of her part of any dividends declared or the proceeds of sale and that she should not have the right to question the propriety of management or have any other minority stockholders right to question management.

Mrs. Erwin sought a writ of mandamus ordering the defendant corporations, in which she had the beneficial ownership of 10% of the stock standing on their records in the name of her former husband or said trustee, to permit her to inspect their books. As statutory authority for such writ she cited Article 2.44 of the Texas Business Corporation Act, V.A.T.S., particularly Section C thereof. The trial court, upon proof by Mrs. Erwin of a proper purpose, in the exercise of its discretion, ordered said corporations to permit her to examine their books. The defendants have appealed.

Appellants' points are that the court erred in overruling their plea in abatement, thereby permitting inspection of the books by one who was not a stockholder "of record." Appellants say that Article 2.44 of the Business Corporation Act requires that the owner of shares of stock in a corporation must be a shareholder "of record" to be entitled to inspect its books. They correctly say that all the stock standing in the name of Mr. Erwin was by the divorce decree order placed in the hands of a trustee, reserving to Mr. Erwin the right to vote said stock and limiting the use of said stock by Mrs. Erwin as heretofore pointed out.

Section A of Article 2.44, provides that corporations shall keep correct and complete records, including a record of its shareholders, giving their names and addresses and the number of shares held by each. Section B provides that any person who has been a shareholder of record for six (6) months preceding his written demand, *"stating* the purpose thereof", shall have the right to examine the corporation's books. Section C provides that nothing therein shall impair the power of a court, "upon *proof* by a shareholder of a *proper* purpose", regardless of the time he shall have been a shareholder of record, to compel production of the books for his examination.

Appellants say that, by virtue of Article 2.44, the right of a stockholder to inspect

a corporation's books is limited to shareholders "of record"; that the right to examine the books is a statutory right and to enjoy it a stockholder must comply with the statute and be a shareholder "of record."

In 18 C.J.S. Corporations § 502, p. 1176, the general rule is stated as follows:

"A stockholder has a right at common law to inspect and examine the books and records of the corporation at a proper time and place and for a *proper* purpose; and in many jurisdictions this right is further secured by statutory or constitutional provisions. Such statutes are salutary. They are not intended to abridge the stockholder's common-law rights, but rather to enlarge and extend them by removing some of the common-law limitations." (Emphasis is ours).

In Bishop's Estate v. Antilles Enterprises, Inc., 3 Cir., 252 F.2d 498, 500, it was said that at common-law a stockholder was entitled to inspect the books at a proper time and place for a *proper* purpose and that statutory provisions securing to stockholders the right to inspect corporate records were to be regarded as supplemental to their common-law right to such inspection and not as a restriction thereon and that an order which did no more than grant to a stockholder her common-law right of inspection could not be attacked on the ground that it was broader than permitted by the statute. In In re Bush Terminal Company, 2 Cir., 78 F.2d 662, 663, it was held that, both under the statute of New York and under the common-law, a stockholder had the right to examine the records of a corporation, when examination was sought for a valid purpose. In Moore v. Rock Creek Oil Corporation (Tex. Com.App.), 59 S.W.2d 815, it was held that a stockholder was not required to allege and prove he was acting in good faith and with

an honest purpose in seeking to enforce his then *statutory* right to inspect the corporation's books and that he had made a prima facie case by establishing that he was a stockholder and the corporation had refused to permit inspection.

In Section B of Article 2.44 it is provided that a shareholder "of record" for six months preceding his written demand *"stating"* the purpose thereof" shall have the right to examine the corporation's books. Literally interpreted, Section B means that a stockholder "of record" for six months is entitled to inspect the books upon a demand "stating" the purpose thereof. Section B contains no requirement that such a shareholder of record must prove a "proper" purpose, merely that he must "state" his purpose. Section C provides that nothing in said article shall impair the power of a court upon *"proof"*—of *"proper"* purpose, regardless of the time such shareholder shall have been a shareholder "of record" and, regardless of the number of shares held by him, to compel production of the records for his examination.

In other words, although a stockholder did not possess the prerequisites to the right of examination stated in Section B, a court could permit examination upon "proof" of a "proper" purpose. He had that right at common-law. Section C was intended to make it clear that a shareholder's right of examination under the common-law was not restricted by said statute. It is not contended that Mrs. Erwin desires to examine the records for an improper purpose. Section C provides that, although she is not a shareholder "of record", the court may grant her the right of inspection upon "proof" of a "proper" purpose. She proved a proper purpose to the satisfaction of the trial court. The court did not abuse its discretion in granting the writ. The judgment is affirmed.