**FORT WORTH KJIM, INC., Appellant,**

v.

**Robert C. WALKE, Appellee.**

**No. 18283.**

Court of Civil Appeals of Texas, Fort Worth.

July 17, 1980.

Rehearing Denied Sept. 14, 1980.

Matthews & Thorp, and Paul Thorp, Dallas, for appellant.

Barlow, Gardner, Tucker & Garsek, and Terry Gardner, Fort Worth, for appellee.

OPINION

SPURLOCK, Justice.

This is a suit by a shareholder in the nature of mandamus against a corporation seeking to order the corporation to permit the shareholder to examine the books and records of the company and recover attorney fees under Tex.Bus.Corp.Act Ann. art. 2.44 * (1980). Trial court allowed attorney fees and that is the only question here involved.

We affirm.

Robert C. Walke brought a mandamus action to compel Fort Worth KJIM, Inc., a Texas corporation, to allow him, as a shareholder, to examine the corporate records of that company. He also sued for attorney fees under art. 2.44. The court rendered judgment that Walke was entitled to examine the records, all as provided by art. 2.44 and awarded Walke attorney fees. Neither the issuance of the mandamus nor the reasonableness of attorney fees is attacked on this appeal. The only issue is whether Walke is entitled to any attorney fees. It was the contention of KJIM that Walke was not a record owner at the time the suit was brought. Art. 2.44 C provides that if

* All references are to Tex.Bus.Corp.Act Ann.

any corporation shall refuse to allow such a shareholder to examine and make extracts from its books and records of account, minutes, and record of *shareholders*, for any proper purpose shall be liable for attorney fees incurred in enforcing his rights.

Section B provides any holder of record of shares for six months or the owner of five percent of the outstanding shares, after written demand, shall have the right to examine the books. A stock certificate for 350 shares of the 1,000 shares issued of KJIM, representing 35% of the total shares, was issued to Robert C. Walke in July, 1974. At the same time W. S. Hill was issued 510 shares and his wife, Frances B. Hill, was issued 140 shares. The stock offering was declared closed after the issuance of this stock. At that time Walke was Vice President and General Manager of the radio station. He was later fired from these positions and since the firing has not had access to any of the books and records of KJIM. He made written demand to have access to the books and records and was refused.

KJIM claims that although Walke is entitled to the mandamus he is not entitled to attorney fees because he was not a record holder at the time the suit was brought.

Prior to this suit being brought, KJIM bought all of the assets except accounts receivable of Broadcast Consultants Corporation (Broadcast). As a part of the consideration as shown by the books and records of KJIM, the three shareholders, representing all of the shares of stock outstanding of KJIM, pledged to Broadcast all of their shares to secure the payment of a promissory note in the sum of $450,000.00, dated January 31, 1975. As a part of the written agreement contained in the records of KJIM, it was agreed that in connection with this pledge agreement, the certificates issued to the Hills and Walke would be reissued by KJIM in the name of the "undersigned as pledgee". In accordance with the pledge agreement the stock transaction was consummated. Shareholder Walke transferred his shares to Broadcast, along with the other two shareholders. All 1,000 of the outstanding shares of KJIM were reissued in one certificate to Broadcast as pledgee to secure the payment of the note in accordance with the pledge agreement.

The books and records of the corporation in evidence, as well as the testimony of Mrs. Hill, the Secretary-Treasurer, show clearly that KJIM and all of its shareholders knew that Walke was the owner of 35% of the stock and that the stock was simply pledged to secure the payment of the note owed by KJIM to Broadcast.

It is therefore our opinion that at all times here involved, Walke was a shareholder and entitled to attorney fees under art. 2.44. A reading of art. 2.44 and a reading of the records and examination of the books of KJIM in evidence show that Walke was the owner of the shares as shown by KJIM's own records and by the testimony of its own officer.

Judgment affirmed.