ACCEPTED
07-15-00082-CV
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
5/7/2015 2:37:48 PM
Vivian Long, Clerk

CAUSE NO. 07-15-00082-CV

IN THE

COURT OF APPEALS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS

5/6/2015 2:37:48 PM

VIVIAN LONG
CLERK

FOR THE SEVENTH DISTRICT OF TEXAS

AMARILLO, TEXAS

Appealed from the 99th District Court
Lubbock County, Texas

ROBERT WESTERBURG, ADMINISTRATOR OF THE ESTATE OF
R.D. WEST a/k/a RANDY DIXON WESTERBURG,

*Appellants,*

vs.

WESTERN ROYALTY CORP.,

*Appellee.*

APPELLANT'S BRIEF

Steven Thornton
State Bar No. 00789678
*WESTERBURG & THORNTON, P.C.*
6060 N. Central Expressway, Suite 690
Dallas, Texas 75206
Phone No.:    214.528.6040
Facsimile:    214.528.6170
steve@mwtlaw.com

ATTORNEY FOR APPELLANT
ROBERT WESTERBURG

APPELLANT REQUESTS ORAL ARGUMENT

1

## IDENTITY OF PARTIES AND COUNSEL

Appellant certifies that, pursuant to Texas Rule of Appellate Procedure 38.1(a), the following is a complete list of the parties, the attorneys and any other person who has any interest in the outcome of this lawsuit:

1.      Appellant/Plaintiff, Robert Westerburg, Administrator of the Estate of R.D. West a/k/a Randy Dixon Westerburg

    Steven Thornton
    *WESTERBURG & THORNTON, P.C.*
    6060 N. Central Expressway, Suite 690
    Dallas, Texas 75206
    steve@mwtlaw.com
    Phone No.:   214.528.6040
    Facsimile:    214.528.6170

2.      Appellee/Defendant, Western Royalty Corp.

    Tom H. Whiteside
    *Whiteside Law Firm*
    P. O. Box 2825
    Lubbock, TX 79408
    thw@whitesidelawfirm.com
    Phone No.:   806.687.9009
    Facsimile:    806.687.9011

This list is furnished so that members of the Court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of the case.

## TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ……………………………….…… 2

TABLE OF CONTENTS ……………………………………………..….…… 3

TABLE OF AUTHORITIES ……………………………………..………. 5

STATEMENT OF THE CASE …………………………………………..…. 7

STATEMENT OF JURISDICTION …………………………………….… 8

SUMMARY OF CASE ……………………………………………….… 9

ISSUES PRESENTED ………………………………………….. 10

REQUEST FOR ORAL ARGUMENT ………………………………….. 11

STATEMENT OF FACTS …………………………………………………... 12

SUMMARY OF THE ARGUMENT ...……………………………………..... 14

ARGUMENT AND AUTHORITIES …………...…………………..………. 15

**ISSUE ONE:     Did Judge Sowder err in denying Robert Westerburg's Claim for recovery of attorney's fees?** ………………… 15

I.     Standard of Review ………………………………………………… 15

II.     Texas Law Mandates Recovery of Attorney's Fees …………..………… 16

    A.     Westerburg's Right to Review Books and Records ………..……. 16

    B.     Recovery of Attorney's Fees is Mandatory ………………………. 18

    C.     Western Royalty's Contentions on Attorney's Fees are Meritless …... 20

     C.1.   Westerburg is Not Pro Se …………………………......……… 20

     C.2.   Western Royalty's Cited Cases Are Not Applicable
          to this Cause ……………………………………………. 21

CONCLUSION and PRAYER …………………………………..…… 24

CERTIFICATE OF SERVICE …………………………………..……… 26

CERTIFICATE OF COMPLIANCE …………………………………….. 26

APPELLANT'S APPENDIX …………………………………………….. 27

# TABLE OF AUTHORITIES

## Case Law

*Baker's Campground, Inc. v. McCall*a, 2012 Tex. App. LEXIS 6173
(Tex. App. – Waco 2012, no pet.) ……………………………………………… 15

*Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998) ………………………… 19, 23

*Campbell, Athey & Zukowski v. Thomasson*, 863 F.2d 398, 400
(5th Cir. 1989) …………………………………………………………………... 21

*City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678
(Tex. 1979) ……………………………………………………………………. 16

*Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005) …………….. 15

*Elwood v. Drescher*, 456 F.3d 943 (9th Cir. 2006) ……………………………. 22

*Erickson v. Board of Education of Baltimore County*, 162 F.3d 289
(4th Cir. 1998) …………………………………………………………………… 21

*Lawrence v. Bowsher*, 931 F.2d 1579 (D.C. Cir. 1991) ………………………… 22

*Ray v. U.S. Department of Justice*, 87 F.3d 1250 (11th Cir. 1996) ……………. 22

*Sanchez & Sleeman v. City of Austin*, 2013 U.S. Dist. LEXIS 189178
(W.D. Tex. 2013) ……………………………………………………………… 22

*Tesoro Petroleum Corp. v. Coastal Refining and Marketing, Inc.*, 754 S.W.2d
764, 766-67 (Tex. App. – Houston [1st Dist.] 1988, writ denied) …………….. 21

## Other Authorities

42 U.S.C. § 1981 ……………………………………………………………….. 22

42 U.S.C. § 1983 ……………………………………………………………….. 22

42 U.S.C. § 1988 ……………………………………………………………… 22, 23

California Probate Code § 8800 ……………………………………..….. 12, 17

California Probate Code § 8804 …………………………….…………….. 12, 17

California Probate Code § 8850 …………………………………….. 12, 17

Tex. Bus. Orgs. Code § 21.218 ………….……  7, 9, 12, 13, 14, 16, 17, 18, 19, 23

Tex. Bus. Orgs. Code § 21.222 …………..……..  7, 9, 13, 14, 15, 16, 19, 20, 23

Tex. R. Civ. P. 166a ……………………………………………………….  16

Texas Constitution, Article V, § 6 ……………………………………….  8

Texas Government Code § 22.220 …………………………………………  8

## STATEMENT OF THE CASE

Appellant Robert Westerburg, Administrator of the Estate of R.D. West a/k/a Randy Dixon Westerburg (hereinafter "Westerburg"), brought this suit seeking to examine the books and records of Appellee Western Royalty Corp. (hereinafter "Western Royalty") pursuant to section 21.218 of the Texas Business Organizations Code. Westerburg also sought to recover his attorney's fees pursuant to section 21.222 of the Texas Business Organizations Code. Western Royalty objected to Westerburg's request. The parties filed competing traditional motions for summary judgment.

Upon considering these motions, the Honorable William C. Sowder in the 99th District Court of Lubbock County, Texas, rendered a Final Summary Judgment which granted Westerburg's request to examine Western Royalty's books and records but denied Westerburg's requested recovery of his attorney's fees. Westerburg appeals only the trial court's ruling denying him the recovery of his attorney's fees.

# STATEMENT OF JURISDICTION

This Court has jurisdiction to hear this appeal pursuant to Texas Constitution, Article V, § 6 and Texas Government Code § 22.220.

## SUMMARY OF THE CASE

In 2013, Westerburg's brother, R.D. West, died in California. A portion of the Estate of R.D. West included 350 shares of Western Royalty. Once appointed as administrator of R.D. West's estate, Westerburg sought to examine the books and records of Western Royalty in order to ascertain a valuation of the stock owned by the Estate and to allow Westerburg to complete an inventory requirement set by the probate court and California probate law.

Pursuant to the Texas Business Organizations Code, Westerburg made a request to Western Royalty for access to the books and records of the company. Western Royalty refused. Westerburg filed suit against Western Royalty seeking access to the books and records of the company and recovery of his attorney's fees, costs and expenses pursuant to sections 21.218 and 21.222 of the Texas Business Organizations Code.

After engaging in some limited discovery, the parties filed competing traditional motions for summary judgment. Judge Sowder considered both motions and ultimately granted Westerburg's request and ordered Western Royalty to make available to Westerburg a defined set of books and records for examination and photocopying. Judge Sowder refused to award Westerburg any attorney's fees in this matter but did award him court costs and expenses.

9

## ISSUES PRESENTED

**Issue One:**  Did Judge Sowder err in denying Robert Westerburg's claim for recovery of attorney's fees?

## REQUEST FOR ORAL ARGUMENT

Westerburg requests oral argument in this cause as he believes it would be helpful to the Court in evaluating these issues.  Westerburg believes that given the nature of the claims he is making and the defenses set forth by Western Royalty, the Court may have questions for the parties that will be useful in reaching a decision.

## STATEMENT OF FACTS

Mr. R.D. West died on August 22, 2013 in California. At the time of his death, R. D. West was a record holder of 350 shares of Western Royalty. A California Probate Court appointed Robert Westerburg to administer the Estate of R.D. West, deceased. *Clerk's Record,* Vol. 1 – 95. Westerburg, by and through R.D. West's ownership and being a holder of shares of Western Royalty, qualified to examine the corporate records of Western Royalty pursuant to Texas Business Organizations Code § 21.218. *Clerk's Record,* Vol. 1 – 97.

On February 19, 2014, Westerburg delivered to Western Royalty a written demand for examination of sixteen specific categories of books and records. *Clerk's Record,* Vol. 1 – 96. Westerburg's purpose in seeking the examination of these documents is to determine the fair market value of the Estate's interest in Western Royalty for the purpose of preparing the required Inventory and Appraisement for filing in the pending probate case in the Superior Court of California, San Diego, California. *Clerk's Record,* Vol. 1 – 97. Pursuant to the California Probate Code, Westerburg must file with the California Probate Court Clerk an inventory of the property to be administered in the Decedent's estate together with an appraisal. *California Probate Code* §§ 8800(a), 8804, and 8850(a); *Clerk's Record,* Vol. 1 – 95, 101-103.

As Western Royalty is not a publically traded company and as Western Royalty does not produce and distribute any information (other than a small dividend to shareholders and a 1099 federal income tax reporting form) to its shareholders from which such a calculation can be made, Westerburg has no other means available to him which would provide the information necessary to comply with the California Probate Code. *Clerk's Record,* Vol. 1 – 97. The only purpose for which Westerburg sought this information is to meet his obligations under the California Probate Code. *Clerk's Record,* Vol. 1 – 97.

Western Royalty refused Westerburg's request. *Clerk's Record,* Vol. 1 – 97. As such, Westerburg brought suit against Western Royalty seeking the right to access and examine the requested books and records of Western Royalty and to recover his costs and expenses, including attorney's fees, pursuant to sections 21.218 and 21.222 of the Texas Business Organizations Code. *Clerk's Record,* Vol. 1 – 97. Western Royalty objected to both of these claims. After conducting some discovery, both parties filed competing motions for summary judgment. Judge Sowder granted Westerburg's request to examine the books and records of Western Royalty and awarded him court costs and expenses. But, Judge Sowder denied Westerburg's request for recovery of his attorney's fees. *Clerk's Record,* Vol. 1 – 256-259.

## SUMMARY OF THE ARGUMENT

Westerburg contends that Judge Sowder erred when he denied Westerburg's request for recovery of his attorney's fees. Westerburg contends that the plain language of Section 21.222 of the Texas Business Organizations Code mandates the recovery of costs and expenses, including attorney's fees, for a party who seeks to examine the books and records of a company pursuant to Section 21.218 of the Texas Business Organizations Code but is denied by that company. Westerburg contends that the Texas Legislature did not vest discretion within the trial court to determine whether Westerburg is entitled to recover his attorney's fees. Westerburg contends that the arguments set forth by Western Royalty in opposition to the recovery of Westerburg's attorney fees are either inappropriate or inapplicable. Given the evidence produced to the trial court by the parties, this Court should be able to reverse Judge Sowder's ruling denying Westerburg's recovery of attorney's fees and render an award for those attorney's fees to Westerburg.

## ARGUMENTS AND AUTHORITIES

**ISSUE ONE:** **Did Judge Sowder err in denying Robert Westerburg's claim for recovery of attorney's fees?**

Westerburg's Motion for Traditional Summary Judgment sought both to examine the books and records of Western Royalty and to recover attorney's fees, costs and expenses arising from this matter. Judge Sowder properly granted Westerburg's request to examine the books and records of Western Royalty and awarded court costs and expenses. But, Judge Sowder denied Westerburg's request to recover attorney's fees. *Clerk's Record,* Vol. 1 – 256-259. Westerburg contends that section 21.222 of the Texas Business Organizations Code mandates that Judge Sowder award Westerburg his attorney's fees and costs after granting his request to examine the books and records of Western Royalty. Based on Texas law and on the evidence presented, Judge Sowder erred by denying Westerburg's request to recover attorney's fees.

## I. Standard of Review

Texas appellate courts review the grant of a traditional motion for summary judgment de novo. *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005); *Baker's Campground, Inc. v. McCall*a, 2012 Tex. App. LEXIS 6173 (Tex. App. – Waco 2012, no pet.). In a traditional summary judgment proceeding, the issue is whether the movant met its burden for summary judgment by establishing that no genuine issue of material fact exists entitling the movant to judgment as a matter of

law. Tex. R. Civ. P. 166a(c); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979).

## II. Texas Law Mandates Recovery of Attorney's Fees

In his ruling on the competing motions for summary judgment, Judge Sowder held that, pursuant to sections 21.218 and 21.222 of the Texas Business Organizations Code, Westerburg is entitled to examine the books and records of Western Royalty and to recover his court costs and expenses. But, Judge Sowder denied Westerburg's claim to recovery of any attorney's fees related to enforcing this right. Westerburg contends that Judge Sowder erred and that he had no discretion to deny Westerburg's claim to recovery of any attorney's fees in this matter.

### A. Westerburg's Right to Review Books and Records

The Texas Business Organizations Code provides that a holder of shares of a corporation for at least six months is entitled, upon written demand stating a proper purpose, to examine and copy the corporation's relevant books, records of account, minutes and share transfer records. *Tex. Bus. Orgs. Code* § 21.218(b). More broadly, the Texas Business Organizations Code empowers a court, upon proof of a proper purpose, to compel a corporation to produce such records for examination by the holder regardless of the period during which the holder was a record holder. *Tex. Bus. Orgs. Code* § 21.218(c).

16

In this case, Westerburg demonstrated to Judge Sowder that he met all of the requirements of section 21.218 entitling him to examine the books and records of Western Royalty. First, Westerburg adduced evidence that his brother, Mr. R. D. West, was a record holder of 350 shares of Western Royalty for over 20 years. *Clerk's Record,* Vol. 1 – 95. Mr. West died on August 22, 2013. *Clerk's Record,* Vol. 1 – 95. Westerburg then described for Judge Sowder how the Superior Court of California, County of San Diego, appointed Westerburg to administer the Estate of R.D. West, deceased. *Clerk's Record,* Vol. 1 – 95. Second, Westerburg delivered to the Western Royalty a written demand for examination of sixteen specific categories of books and records on or about February 19, 2014. *Clerk's Record,* Vol. 1 – 96-97. In that demand, Westerburg detailed his need for the examination. *Clerk's Record,* Vol. 1 – 96-97. Western Royalty refused to comply with that request. *Clerk's Record,* Vol. 1 – 97. Western Royalty did not contest any of these facts in the summary judgment proceedings.

The only other issue was whether Westerburg had a proper purpose in requesting the examination of books and records. California probate law requires an administrator to file with the California Probate Court Clerk an inventory of the property to be administered in a Decedent's estate together with an appraisal. *Cal. Prob. Code* §§ 8800(a), 8804, and 8850(a); *Clerk's Record,* Vol. 1 – 95, 101-103. In order to satisfy this obligation, Westerburg needed to determine the fair market

17

value of the Estate of R.D. West's interest in Western Royalty. Western Royalty is not a publically traded company nor does it produce and distribute any information to its shareholders from which a determination of the fair market value of the stock can be made. *Clerk's Record,* Vol. 1 – 97. As such, Judge Sowder determined that, as a matter of law, this need for information constitutes a proper purpose under section 21.218 of the Texas Business Organizations Code. With those facts established, Judge Sowder granted Westerburg's request and ordered Western Royalty to make available for examination and copying several specific categories of documents. *Clerk's Record,* Vol. 1 – 256-259.

**B.     Recovery of Attorney's Fees is Mandatory**

Once Judge Sowder determined that Westerburg is entitled to examine and copy certain books and records of Western Royalty, the only remaining task is to determine the amount of attorney's fees, costs and expenses to award Westerburg. If a corporation refuses to permit a person who is entitled to examine and make copies of the books and records of a corporation pursuant to Section 21.218 of the Texas Business Organizations Code, the corporation becomes liable for the person's cost or expenses, including attorney's fees. Specifically, the Texas Legislature mandates that:

> *A corporation that refuses to allow a person to examine and make copies of account records, minutes, and share transfer records under Section 21.218 **is liable** to the shareholder for any cost or expense, including attorney's*

18

> *fees, incurred in enforcing the shareholder's rights under Section 21.218.*

*Tex. Bus. Orgs. Code* § 21.222 (highlight added). The Texas Supreme Court has ruled that statutes which read that a party "may recover", "shall be awarded", or "is entitled to" attorney fees are not discretionary. *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998). Conversely, statutes which provide that a court "may" award attorney fees vest some discretion in the trial court regarding such an award. *Id.* at 20. By employing the language "is liable" in section 21.222 of the Texas Business Organizations Code rather than "may award", the Texas Legislature mandated that the Trial Court award attorney's fees, costs and/or expenses to any party that enforced a shareholder's rights under Section 21.218 of the Texas Business Organizations Code. The Trial Court does not have the discretion to refuse to award such attorney's fees, costs and/or other expenses.

In this case, Westerburg incurred $13,487.50 in attorney's fees and $588.09 in costs in enforcing the shareholder's rights under Section 21.218 of the Texas Business Organizations Code through the summary judgment proceeding at the trial court level. *Clerk's Record,* Vol. 1 – 237-244. Additionally, Westerburg's cost of appealing this matter to the Court of Appeals is $5,000. Further, the cost of handling any post-judgment motions was $1,000. Westerburg offered such evidence through the affidavits of Steven Thornton and Robert Westerburg. *Clerk's Record,* Vol. 1 –

237-244. Judge Sowder's Final Summary Judgment awarded the $588.09 in costs to Westerburg. *Clerk's Record,* Vol. 1 – 256-259.

Western Royalty wholly failed to put on any evidence as to the reasonableness of the cost or the necessity of Westerburg's attorney's fees at the Trial Court. As such, Westerburg's testimony is uncontroverted and can support an award of attorney's fees from this Court.

### C. Western Royalty's Contentions on Attorney's Fees are Meritless

Western Royalty contended at the summary judgment proceeding that, despite the clear language in Section 21.222 of the Texas Business Organizations Code, the Trial Court and this Court should not award Westerburg recovery for his attorney's fees, costs and expenses. Western Royalty supported this contention by citing to the Trial Court several federal cases. These cases are a red herring. They do not apply to the facts of this litigation and none of them reach the conclusion that Western Royalty is asking this Court to reach: that the Estate of R.D. West is not entitled to recover its attorney's fees, costs and expenses. Thus, these cited cases have no precedential value and should not be considered.

### C.1. Westerburg is Not Pro Se

In virtually every case that Western Royalty cited to the Trial Court, the plaintiff is acting as a *pro se* litigant. That is simply not the case in this cause. First, Westerburg hired Westerburg & Thornton, P.C. to represent him in this matter.

*Clerk's Record,* Vol. 1 – 97. Westerburg's counsel, Steven Thornton, has represented him on this matter from the inception of the litigation. *Clerk's Record,* Vol. 1 – 97. Westerburg is not acting as his own personal attorney. Second, Westerburg is not personally involved in this litigation. Rather, Westerburg is acting in his capacity as the administrator of the Estate of R.D. West and is seeking to enforce the Estate's rights to examine the books and records of Western Royalty. *Clerk's Record,* Vol. 1 – 95-97. Therefore, none of the cases cited by Western Royalty are on point or have any precedential value.

Moreover, Texas law provides that an attorney or a law firm may recover its attorney's fees when it is represented by a lawyer working for that law firm. *Campbell, Athey & Zukowski v. Thomasson*, 863 F.2d 398, 400 (5th Cir. 1989). Additionally, a company can recover attorney's fees for services from an in-house counsel. *Tesoro Petroleum Corp. v. Coastal Refining and Marketing, Inc.*, 754 S.W.2d 764, 766-67 (Tex. App. – Houston [1st Dist.] 1988, writ denied). Since Westerburg is represented by counsel in this matter, any prohibitions against pro se recovery of attorney's fees are not applicable to this cause.

### C.2. Western Royalty's Cited Cases Are Not Applicable to this Cause

All but one of the cases that Western Royalty cited to the trial court concern the attempt to recover attorney's fees by a pro se attorney in a case involving a federal statute. *Erickson v. Board of Education of Baltimore County*, 162 F.3d 289

(4th Cir. 1998) (pro se representing his own child for special education and related services under the Individual with Disabilities Act); *Lawrence v. Bowsher*, 931 F.2d 1579 (D.C. Cir. 1991)(pro se bringing claims for discrimination against General Accounting Office under 42 U.S.C. § 1981, 1988); *Ray v. U.S. Department of Justice*, 87 F.3d 1250 (11th Cir. 1996)(pro se bringing claims under the Freedom of Information Act); *Elwood v. Drescher*, 456 F.3d 943 (9th Cir. 2006)(pro se defendant sought recovery of attorney's fees arising from a claim under 42 U.S.C. § 1983, 1988). As Westerburg is not pro se in this matter, these cases are not applicable and should have no precedential value.

The only case not involving a pro se litigant was *Sanchez & Sleeman v. City of Austin*. That case involved a federal district court deciding against awarding attorney's fees to a prevailing party for claim under 42 U.S.C. § 1988. *Sanchez & Sleeman v. City of Austin*, 2013 U.S. Dist. LEXIS 189178 (W.D. Tex. 2013). Congress vested the trial courts with some discretion in awarding attorney's fees under section 1988 by writing: "*In any action or proceeding to enforce a provision of sections 1981…, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs…*". 42 U.S.C. § 1988(b). On appeal, the Fifth Circuit reversed that district court in *Sanchez* and awarded the prevailing party their attorney's fees. *Sanchez & Sleeman v. City of Austin*, 774 F.3d 873, 875 (5th Cir. 2014). The Fifth Circuit

22

described that any discretion that the district court had in awarding attorney's fees is "exceedingly narrow". *Id.* at 878. Moreover, the use of the language "may allow" in 42 U.S.C. § 1988 is the exact language that the Texas Supreme Court considers discretionary. *Bocquet*, 972 S.W.2d at 20.

However in this case, section 21.222 of the Texas Business Organizations Code provides no discretion to a trial court for the recovery of attorney's fees. If a corporation refuses to allow a person to examine and make copies of its books and records pursuant to Section 21.218, that corporation **is liable** for cost and expenses, including attorney's fees. *Tex. Bus. Orgs. Code* § 21.222. As the Texas Legislature did not vest any discretion with the trial courts, Judge Sowder did not have the power or discretion to deny Westerburg's request for attorney's fees.

## CONCLUSION and PRAYER

Westerburg contends that Judge Sowder erred when he denied Westerburg's request for attorney's fees after determining that Westerburg was entitled to review Western Royalty's books and records pursuant to section 21.218 of the Texas Business Organizations Code. Westerburg put on evidence of each element of his claim to access to Western Royalty's books and records. Judge Sowder held that there were no genuine issues of material fact regarding those elements and rendered a summary judgment in favor of Westerburg granting him access to eight specific categories of documents. Once Judge Sowder made that ruling, section 21.222 of the Texas Business Organizations Code mandated that Judge Sowder grant Westerburg's claim for recovery of costs and expenses, including attorney's fees. Westerburg put on evidence of his attorney's fees, costs and expenses. Western Royalty did not object or put on any evidence to counter the necessity or reasonableness of those fees, costs and/or expenses. Judge Sowder granted Westerburg's request for costs and expenses. Despite the language in section 21.222 of the Texas Business Organizations Code and his award of access to the books and records of Western Royalty and for costs and expenses, Judge Sowder denied Westerburg's claim for recovery of attorney's fees.

For the reasons stated herein, Westerburg prays that this Court reverse the portion of Judge Sowder's ruling in the *Final Summary Judgment* which denied Westerburg's claim for recovery of attorney's fees. Given the evidence adduced at the summary judgment proceeding, Westerburg further prays that this Court render a judgment in favor of Westerburg for his total attorney's fees through this appeal. Finally, Westerburg also prays for all other relief, in law and equity, to which he may be justly entitled.

Respectfully submitted,

*WESTERBURG & THORNTON, P.C.*
6060 N. Central Expressway, Suite 690
Dallas, Texas 75206
Phone No.:   214.528.6040
Facsimile:   214.528.6170
steve@mwtlaw.com

By:   _____
         Steven Thornton
         State Bar No. 00789678

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure and the Texas Rules of Appellate Procedure on this 6th day of May, 2015.

_____
Steven Thornton

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that this brief contains 3,136 words (excluding the caption, identity of parties, table of contents, table of authorities, statement of case, statement of issues presented, statement of jurisdiction, signature, proof of service, certification, and certificate of compliance). This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

_____
Steven Thornton

# APPELLANT'S APPENDIX
List of Documents

| | |
|---|---|
| Final Summary Judgment | A |
| California Probate Code § 8800 | B |
| California Probate Code § 8804 | C |
| California Probate Code § 8850 | D |
| Tex. Bus. Orgs. Code § 21.218 | E |
| Tex. Bus. Orgs. Code § 21.222 | F |

# APPENDIX A

## NO. 2014-510,562

| | | |
|---|---|---|
| ROBERT WESTERBURG, ADMINISTRATOR OF THE ESTATE OF R.D. WEST a/k/a RANDY DIXON WESTERBURG | § § § § § § § § § | IN THE DISTRICT COURT |
| VS. | | 99TH JUDICIAL DISTRICT |
| WESTERN ROYALTY CORP. | | LUBBOCK COUNTY, TEXAS |

### Final Summary Judgment

On ___December 8___, 2014, the Court considered the following motions by submission made in the above-entitled and numbered cause:

    a.    *Plaintiff's Motion for Summary Judgment*; and,

    b.    *Defendant Western Royalty Corporation's Motion for Summary Judgment.*

After considering the motions, pleadings, evidence and the appropriate legal authority, this Court is of the opinion that Plaintiff's motion should be GRANTED *in part* and that Defendant's motion should be DENIED *in part*.

IT IS, THERFORE, ORDERED, ADJUDGED AND DECREED that Plaintiff Robert Westerburg, Administrator of the Estate of R.D. West a/k/a Randy Dixon Westerburg's Motion for Summary Judgment is GRANTED *In part*.

IT IS FURTHER ORDERED that Defendant Western Royalty Corporation's Motion for Summary Judgment is DENIED *in part*.

IT IS FURTHER ORDERED that the Defendant Western Royalty Corporation shall produce to Plaintiff Robert Westerburg, Administrator of the Estate of R.D. West a/k/a Randy Dixon Westerburg the following documents:

1. The records containing the names and addresses of all past and current shareholders of the corporation and the number and class or series of shares issued by the corporation held by each of them.

2. The records containing the names and last known mailing addresses of shareholders entitled to vote at any shareholders meeting.

3. The bank statements and cancelled checks for the period January 1, 2009, to the present.

4. The cash flow report(s) and/or check register and/or check stubs reflecting the monies received and the expenditures made for the period January 1, 2009, to the present.

5. The documents describing the mineral interest and/or legal description of each mineral interest presently owned by Western Royalty Corp.

6. The deeds evidencing Western Royalty Corp.'s ownership of mineral or royalty interests.

7. The documents evidencing ownership, leasehold, or royalty interest in real or personal property owned by Western Royalty Corp.

8. The Division Orders reflecting mineral interests owned by Western Royalty Corp.

IT IS FURTHER ORDERED that Defendant Western Royalty Corporation shall copy and email the above-described documents to Plaintiff's counsel, Steven Thornton. Defendant Western Royalty Corporation shall Bates-label the above-described documents and shall identify which documents are responsive to which categories set forth in this Order. Plaintiff shall reimburse Defendant for the reasonable costs of photocopying the above-described documents.

IT IS FURTHER ORDERED that Defendant Western Royalty Corporation shall produce the above-described documents listed in this Order to Plaintiff's counsel, Steven Thornton, on or before _December 18th_____, 2014 at 5:00 p.m.

IT IS FURTHER ORDERED that Plaintiff have and recover from Defendant $0.00

Western Royalty Corporation the sum of ~~$13,487.50~~ as reasonable and necessary attorney's fees incurred in this cause.

IT IS FURTHER ORDERED that Plaintiff have and recover from Defendant Western Royalty Corporation the sum of $588.09 for costs incurred in this cause.

~~IT IS FURTHER ORDERED that Plaintiff have and recover from Defendant Western Royalty Corporation the sum of Five Thousand Dollars ($5,000.00) as reasonable and necessary attorney's fees for any appeal made to the Court of Appeals.~~

~~IT IS FURTHER ORDERED that, should Defendant Western Royalty Corporation make an appeal to the Texas Supreme Court, Plaintiff have and recover from Defendant Western Royalty Corporation the sum of Five Thousand Dollars ($5,000.00) as reasonable and necessary attorney's fees for any appeal made to the Texas Supreme Court.~~

IT IS FURTHER ORDERED that the costs of court are taxed against the Defendant Western Royalty Corporation for which let execution issue if the same are not timely paid.

IT IS FURTHER ORDERED that this judgment carries post-judgment interest at the rate of 5.00% per annum from the date of this judgment until paid, together with all costs of court in this behalf expended.

All writs and processes for the enforcement and collection of this judgment or the costs of court may issue as necessary.

All relief requested in this case and not expressly granted herein is denied. This judgment, disposing of all the parties in the lawsuit and all of the issues, is final and appealable.

SIGNED on December 8, 2014                    .

William C. Rader

**JUDGE PRESIDING**

259



Deering's California Codes Annotated
Copyright © 2014 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

*** This document is current through Chapter 9 of ***
the 2014 Regular Session of the 2013-2014 Legislature.

PROBATE CODE
Division 7. Administration of Estates of Decedents
Part 3. Inventory and Appraisal
Chapter 1. General Provisions

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

*Cal Prob Code § 8800* (2014)

**§ 8800. Inventory and appraisal; Certification that tax requirements have been satisfied or are inapplicable**

(a) The personal representative shall file with the court clerk an inventory of property to be administered in the decedent's estate together with an appraisal of property in the inventory. An inventory and appraisal shall be combined in a single document.

(b) The inventory and appraisal shall be filed within four months after letters are first issued to a general personal representative. The court may allow such further time for filing an inventory and appraisal as is reasonable under the circumstances of the particular case.

(c) The personal representative may file partial inventories and appraisals where appropriate under the circumstances of the particular case, but all inventories and appraisals shall be filed before expiration of the time allowed under subdivision (b).

(d) Concurrent with the filing of the inventory and appraisal pursuant to this section, the personal representative shall also file a certification that the requirements of *Section 480 of the Revenue and Taxation Code* either:

(1) Are not applicable because the decedent owned no real property in California at the time of death.

(2) Have been satisfied by the filing of a change in ownership statement with the county recorder or assessor of each county in California in which the decedent owned property at the time of death.

**HISTORY:**

Enacted Stats 1990 ch 79 § 14 (AB 759), operative July 1, 1991. Amended Stats 1992 ch 1180 § 1 (SB 1639).

**NOTES:**

**Former Sections:**

Former § 8800, similar to the present section, was added Stats 1988 ch 1199 § 82.5, operative July 1, 1989, and repealed Stats 1990 ch 79 § 13, operative July 1, 1991.

 LexisNexis®

2 of 3 DOCUMENTS

Deering's California Codes Annotated
Copyright © 2014 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

*** This document is current through Chapter 9 of ***
the 2014 Regular Session of the 2013-2014 Legislature.

PROBATE CODE
Division 7. Administration of Estates of Decedents
Part 3. Inventory and Appraisal
Chapter 1. General Provisions

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

*Cal Prob Code § 8804 (2014)*

**§ 8804. Failure to timely file inventory and appraisal**

If the personal representative refuses or negligently fails to file an inventory and appraisal within the time allowed under this chapter, upon petition of an interested person:

(a) The court may compel the personal representative to file an inventory and appraisal pursuant to the procedure prescribed in Chapter 4 (commencing with Section 11050) of Part 8.

(b) The court may remove the personal representative from office.

(c) The court may impose on the personal representative personal liability for injury to the estate or to an interested person that directly results from the refusal or failure. The liability may include attorney's fees, in the court's discretion. Damages awarded pursuant to this subdivision are a liability on the bond of the personal representative, if any.

**HISTORY:**

Enacted Stats 1990 ch 79 § 14 (AB 759), operative July 1, 1991.

**NOTES:**

**Former Sections:**

Former § 8804, similar to the present section, was added Stats 1988 ch 1199 § 82.5, operative July 1, 1989, and repealed Stats 1990 ch 79 § 13, operative July 1, 1991.

**Historical Derivation:**

(a) Former Prob C § 610, as amended Stats 1976 ch 922 § 1.

(b) Former Prob C § 611, as amended Stats 1970 ch 1282 § 13.

(c) Former Prob C § 8804, as added Stats 1988 ch 1199 § 82.5.

(d) Former CCP §§ 1450, 1451.

 LexisNexis®

3 of 3 DOCUMENTS

Deering's California Codes Annotated
Copyright © 2014 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

*** This document is current through Chapter 9 of ***
the 2014 Regular Session of the 2013-2014 Legislature.

PROBATE CODE
Division 7.   Administration of Estates of Decedents
Part 3.   Inventory and Appraisal
Chapter 2.   Inventory
Article 1.   General Provisions

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

*Cal Prob Code § 8850* (2014)

### § 8850.   Contents of inventory

(a) The inventory, including partial and supplemental inventories, shall include all property to be administered in the decedent's estate.

(b) The inventory shall particularly specify the following property:

(1) Money owed to the decedent, including debts, bonds, and notes, with the name of each debtor, the date, the sum originally payable, and the endorsements, if any, with their dates. The inventory shall also specify security for the payment of money to the decedent, including mortgages and deeds of trust. If security for the payment of money is real property, the inventory shall include the recording reference or, if not recorded, a legal description of the real property.

(2) A statement of the interest of the decedent in a partnership, appraised as a single item.

(3) All money and other cash items, as defined in Section 8901, of the decedent.

(c) The inventory shall show, to the extent ascertainable by the personal representative, the portions of the property that are community, quasi-community, and separate property of the decedent.

**HISTORY:**

Enacted Stats 1990 ch 79 § 14 (AB 759), operative July 1, 1991.

**NOTES:**

**Former Sections:**

Former § 8850, similar to the present section, was added Stats 1988 ch 1199 § 82.5, operative July 1, 1989, and repealed Stats 1990 ch 79 § 13, operative July 1, 1991.

**Historical Derivation:**

(a) Former Prob C § 571, as amended Stats 1971 ch 1648 § 1, Stats 1986 ch 14 § 2.

# APPENDIX E

## *Tex. Business Organizations Code § 21.218*

This document is current through the 2013 3rd Called Session

*Texas Statutes and Codes* > *BUSINESS ORGANIZATIONS CODE* > *TITLE 2. CORPORATIONS* > *CHAPTER 21. FOR-PROFIT CORPORATIONS* > *SUBCHAPTER E. SHAREHOLDER RIGHTS AND RESTRICTIONS*

## § 21.218. Examination of Records

**(a)**  In this section, a holder of a beneficial interest in a voting trust entered into under Section 6.251 is a holder of the shares represented by the beneficial interest.

**(b)**  Subject to the governing documents and on written demand stating a proper purpose, a holder of shares of a corporation for at least six months immediately preceding the holder's demand, or a holder of at least five percent of all of the outstanding shares of a corporation, is entitled to examine and copy, at a reasonable time, the corporation's relevant books, records of account, minutes, and share transfer records. The examination may be conducted in person or through an agent, accountant, or attorney.

**(c)**  This section does not impair the power of a court, on the presentation of proof of proper purpose by a beneficial or record holder of shares, to compel the production for examination by the holder of the books and records of accounts, minutes, and share transfer records of a corporation, regardless of the period during which the holder was a beneficial holder or record holder and regardless of the number of shares held by the person.

## History

Enacted by *Acts 2003, 78th Leg., ch. 182 (H.B. 1156)*, § 1, effective January 1, 2006.

**Annotations**

## Notes

**Revisor's Notes. --**

 No substantive change is intended.

## Case Notes

 Business & Corporate Law: Corporations: Governing Documents & Procedures: Records & Inspection Rights: General Overview
 Business & Corporate Law: Corporations: Governing Documents & Procedures: Records & Inspection Rights: Inspection Rights: Remedies
 Business & Corporate Law: Corporations: Governing Documents & Procedures: Records & Inspection Rights: Inspection Rights: Shareholders

**LexisNexis (R) Notes**

 **Business & Corporate Law: Corporations: Governing Documents & Procedures: Records & Inspection Rights: General Overview**
**1.**  Divorced wife, who had beneficial ownership of 10 percent of corporate stock standing on corporate records in the name of her former husband or a trustee, was entitled to examine the corporate books. *Texas Infra-Red Radiant Co. v. Erwin, 397 S.W.2d 491, 1965 Tex. App. LEXIS 2378 (Tex. Civ. App. Eastland 1965).*

**Business & Corporate Law: Corporations: Governing Documents & Procedures: Records & Inspection Rights: Inspection Rights: Remedies**

**2.** Attorney's fees should not have been awarded to a minority shareholder because the evidence did not show that corporate books and records had been withheld in violation of former *Tex. Bus. Corp. Act Ann. art. 2.44(C)* (recodified at *Tex. Bus. Orgs. Code Ann. § 21.218(b)*). The company was entitled to impose reasonable restrictions for the protection and integrity of its books and records when it required that certain items be copied on its premises. *Ritchie v. Rupe, 339 S.W.3d 275, 2011 Tex. App. LEXIS 2217 (Tex. App. Dallas 2011).*

**Business & Corporate Law: Corporations: Governing Documents & Procedures: Records & Inspection Rights: Inspection Rights: Shareholders**

**3.** Attorney's fees should not have been awarded to a minority shareholder because the evidence did not show that corporate books and records had been withheld in violation of former *Tex. Bus. Corp. Act Ann. art. 2.44(C)* (recodified at *Tex. Bus. Orgs. Code Ann. § 21.218(b)*). The company was entitled to impose reasonable restrictions for the protection and integrity of its books and records when it required that certain items be copied on its premises. *Ritchie v. Rupe, 339 S.W.3d 275, 2011 Tex. App. LEXIS 2217 (Tex. App. Dallas 2011).*

LexisNexis ® Texas Annotated Statutes

Copyright © 2015 by Matthew Bender & Company, Inc. a member of the LexisNexis Group All rights reserved.

## Tex. Business Organizations Code § 21.222

This document is current through the 2013 3rd Called Session

*Texas Statutes and Codes* > *BUSINESS ORGANIZATIONS CODE* > *TITLE 2. CORPORATIONS* > *CHAPTER 21. FOR-PROFIT CORPORATIONS* > *SUBCHAPTER E. SHAREHOLDER RIGHTS AND RESTRICTIONS*

## § 21.222. Penalty for Refusal to Permit Examination of Certain Records

**(a)** A corporation that refuses to allow a person to examine and make copies of account records, minutes, and share transfer records under Section 21.218 is liable to the shareholder for any cost or expense, including attorney's fees, incurred in enforcing the shareholder's rights under Section 21.218. The liability imposed on a corporation under this subsection is in addition to any other damages or remedy afforded to the shareholder by law.

**(b)** It is a defense to an action brought under this section that the person suing:

    **(1)** has, within the two years preceding the date the action is brought, sold or offered for sale a list of shareholders or of holders of voting trust certificates for shares of the corporation or any other corporation;

    **(2)** has aided or abetted a person in procuring a list of shareholders or of holders of voting trust certificates for the purpose described by Subdivision (1);

    **(3)** has improperly used information obtained through a prior examination of the books and account records, minutes, or share transfer records of the corporation or any other corporation; or

    **(4)** was not acting in good faith or for a proper purpose in making the person's request for examination.

## History

Enacted by *Acts 2003, 78th Leg., ch. 182 (H.B. 1156)*, § 1, effective January 1, 2006; am. *Acts 2011, 82nd Leg., ch. 139 (S.B. 748)*, § 25, effective September 1, 2011.

**Annotations**

## Notes

**Revisor's Notes. --**

  No substantive change is intended.
  2011 amendment,
  deleted ″in consideration″ after ″certificates″ in (b)(1).

## Case Notes

  Business & Corporate Law: Corporations: Shareholders: Actions Against Corporations: General Overview
  Civil Procedure: Remedies: Writs: General Overview

**LexisNexis (R) Notes**

**Business & Corporate Law: Corporations: Shareholders: Actions Against Corporations: General Overview**

**1.** Shareholder that brought suit against a corporation seeking permission to examine the books and records of the corporation was entitled to attorney fees because the shareholder was the ″shareholder of record″ even though the shares were in the name of another pledgee to secure payment of corporate debt. *Ft. Worth KJIM, Inc. v. Walke, 604 S.W.2d 362,*

Tex. Business Organizations Code § 21.222

*1980 Tex. App. LEXIS 3757 (Tex. Civ. App. Fort Worth 1980).*

**Civil Procedure: Remedies: Writs: General Overview**

**2.** Where the relators, a company, and certain of its officers, brought a mandamus proceeding before the court to have the trial court expunge from the record an order for discovery, the court held that the trial court, in granting certain stockholders' motion for discovery, had deprived relators of a jury trial on the issue of proper purpose because the stockholders would have received through the order allowing discovery all of the relief sought in the main suit, and thus relators were entitled to a writ of mandamus ordering the trial court to expunge its order for discovery. *Uvalde Rock Asphalt Co. v. Loughridge, 425 S.W.2d 818, 1968 Tex. LEXIS 314, 11 Tex. Sup. Ct. J. 268 (Tex. 1968).*

LexisNexis ® Texas Annotated Statutes

Copyright © 2015 by Matthew Bender & Company, Inc. a member of the LexisNexis Group All rights reserved.

Steve Thornton