

# IN THE
## TENTH COURT OF APPEALS

No. 10-11-00239-CV

**BAKER'S CAMPGROUND, INC.,
KELLI GRAVES, AND KOURTNIE GRAVES,**

**Appellants**

**v.**

**ANTHONY L. MCCALLA
AND CHERYL A. MCCALLA,**

**Appellees**

**From the 413th District Court
Johnson County, Texas
Trial Court No. C200600228**

## MEMORANDUM OPINION

Baker's Campground Inc., Kelli Graves, and Kourtnie Graves (Graves) filed suit against Anthony and Cheryl McCalla alleging cloud on title and slander on title based upon the McCallas recording a "Notice of Settlement Agreement" in the Johnson County deed records. On October 23, 2008, the trial court granted the McCallas' partial motion for summary judgment. On April 21, 2011, the trial court entered its final judgment awarding the McCallas specific performance of the Release and Settlement

Agreement, damages, and attorney fees. The Graves appeal from the trial court's order granting the McCallas' partial motion for summary judgment and the trial court's final judgment awarding damages and attorney fees. We reverse and remand.

## Background Facts

This case involves a lengthy dispute over 380 acres of land along the Brazos River in Johnson County. Arthur William Glazier owned the 380 acres, and in 1992, he entered into a 99-year lease (the Glazier lease) with Walt and Mary Baker that covered the entire property. Within the Glazier lease, the Bakers sub-leased a two-acre tract to the McCallas. The sub-lease contained a provision allowing the McCallas the first option to purchase the property at market value if the Bakers obtained legal ownership of the property and elected to sell the property.

In 1993, Glazier died leaving the property to the Bakers. Walt deeded his interest to his mother, Mary. In 1996, Mary entered into a 99-year lease for the entire 380 acres with Stephen and Karen Davis and Ski River Development Inc. (the Baker-Davis lease). Mary died later that year.

The McCallas filed suit to enforce their option to purchase the property and to invalidate the Baker-Davis lease. A jury found in favor of the McCallas and against the Davises. In 2003, before the trial court entered final judgment, Walt Baker and the McCallas prepared a "Release and Settlement Agreement." The validity and enforceability of that agreement is the central issue in this appeal.

The Davises appealed the judgment in favor of the McCallas. In 2005, this Court found that the McCallas' option to purchase the property was void. This Court further

deleted from the judgment the tortious interference damages, exemplary damages, and attorney's fees awarded to the McCallas against the Davises. This Court also found the Baker-Davis lease to be voidable.

Walt Baker died, leaving the property to Kelli and Kourtnie Graves. In 2004, the McCallas recorded a Notice of Settlement in the Johnson County deed records. The Graves filed suit to have the Notice of Settlement removed from the title to the property. The Graves and the McCallas both filed motions for summary judgment. In October 2008, the trial court granted the McCallas' motion for partial summary judgment determining that the 2003 Release and Settlement Agreement between Walt Baker and the McCallas was valid and enforceable.

On March 7, 2011, the trial court found that the only remaining issue would be the amount of damages. On April 21, 2011, the trial court entered final judgment that the McCallas are entitled to specific performance of the 2003 Release and Settlement Agreement between the McCallas and Walt Baker. The trial court ordered that equitable and legal title in the property, including mineral interests, is vested in the McCallas. The trial court further awarded damages and attorney's fees to the McCallas.

## Jurisdiction

In the first issue, the Graves contend that the trial court lacked subject matter jurisdiction to hear the case. The Graves argue that because the Estate of Walt Baker was opened in the County Court at Law Number 2 of Johnson County, that court had exclusive jurisdiction over these proceedings.

Johnson County Court at Law No. 2 is a statutory county court.  TEX. GOV'T CODE ANN. § 25.1281 (West 2004).  When counties lack a statutory probate court, Section 4 of the Texas Probate Code provides statutory county courts with the same general jurisdiction as probate courts[1].  Act of June 19, 1993, 73rd Leg., R.S., ch. 957, § 4, 1993 Tex. Gen. Laws 4081, 4161,repealed by Act of June 19, 2009, 81st Leg., R.S., ch. 1351, § 12(h), 2009 Tex. Gen. Laws 4273, 4279.  This jurisdiction includes the ability to "transact all business appertaining to estates subject to administration." *In re Puig*, 351 S.W.3d 301, 304 (Tex. 2011) (quoting repealed Section 4 of the Texas Probate Code).  Section 5A(a) of the Probate Code provides a non-exclusive list of matters qualifying as "appertaining to" and "incident to" an estate administered in a statutory county court, including:  "all actions for trial of title to land ... and for the enforcement of liens thereon ... [,] all actions for trial of the right of property ... [,] and generally all matters relating to the settlement, partition, and distribution of estates of deceased persons." *Id*.  When a matter raised in a separate lawsuit is not expressly mentioned in the Probate Code's definition of matters appertaining to and incident to an estate, we have employed the "controlling issue" test to determine whether the matter meets that definition. *Id*.  Under the controlling issue test, "a suit is appertaining to or incident to an estate when the controlling issue is the settlement, partition, or distribution of an estate. *Id*.

---

[1] In 2009, the Texas Legislature repealed §§ 4, 5, and 5A(a) of the Probate Code.  Act of June 19, 2009, 81st Leg., R.S., ch. 1351, § 12(h), 2009 Tex. Gen. Laws 4273, 4279.  Because this case was filed before the effective date of the repeal, the prior law applies to this proceeding.

Kelli and Kourtnie Graves own the property in question by virtue of the Executors General Warranty Deed executed in 2005 by the Executrix of the Estate of Walt Baker. The Graves filed suit to quiet title on property they acquired from Baker. The suit did not involve the settlement, partition, or distribution of the Estate of Walt Baker. We find that the trial court had jurisdiction over the case.

Moreover, when the jurisdiction of a county court sitting in probate and a district court are concurrent, the issue is one of dominant jurisdiction. *In re Puig*, 351 S.W.3d at 305. When two courts have concurrent jurisdiction to determine inherently intertwined issues, filing a dilatory plea in abatement is the proper method for drawing a court's attention to another court's possible dominant jurisdiction. *Id*. The Graves did not file a plea in abatement seeking to have the matter heard in the Johnson County Court at Law No. 2. We overrule the first issue.

## Summary Judgment

The Graves argue that the trial court abused its discretion in granting the McCallas' motion for partial summary judgment. Both parties included the validity and enforceability of the 2003 Release and Settlement Agreement in their grounds for summary judgment.

## Standard of Review

We review the grant or denial of a traditional motion for summary judgment de novo. *See Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 n. 7 (Tex. 2005). To be entitled to summary judgment, the movant must demonstrate that no genuine issues of material fact exist and that he is entitled to judgment as a matter of law. *See* TEX. R. CIV. P.

166a(c). To determine if a fact issue exists, we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all the evidence presented. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). We must consider all the evidence in the light most favorable to the nonmovant, indulging all reasonable inferences in favor of the nonmovant. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546 (Tex. 1985).

When competing motions for summary judgment are filed and one is granted and the other is denied, the general rule is that an appellate court should determine all questions presented and render the judgment the trial court should have rendered. *Texas Worker' Compensation Commission v. Patient Advocates of Texas*, 136 S.W.3d 643, 648 (Tex. 2004). However, an appellate court may reverse and remand if resolution of the pertinent issues rests in disputed facts or if the parties' motions are premised on different grounds. *See Sarandos v. Blanton*, 25 S.W.3d 811, 814 & n.5 (Tex. App.—Waco 2000, pet. den'd).

### Settlement Agreement

The McCallas' attorney drafted the 2003 Release and Settlement Agreement. Walt Baker made handwritten changes in the body of the Agreement. Walt further added handwritten provisions to the bottom of the Agreement as follows:

> I will agree to $470,000 purchase price above
> Use of my name
> No Attorney fees charged against me or you, between us
> Access including friends once in a while
> 60 days to close from date mentioned above
> I agree to enter an agreement as discussed above

Walt signed the Agreement below his handwritten provisions. He did not sign on the signature line designated in the typed Agreement.

At the time the Agreement was prepared, the trial court was set to hold a hearing to enter judgment on the jury verdict. The parties informed the trial court that they had reached an agreement and that it would not be necessary for the court to enter any order or relief that relates to Walt Baker and the McCallas. The parties did not disclose the terms of the settlement.

The Graves argue that the Agreement is unenforceable because it was an "agreement to agree." The Graves further argue that the terms of the Agreement are ambiguous and unspecific to support a summary judgment granting specific performance that vests title to the property in the McCallas.

If the written instrument is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). A contract, however, is ambiguous when its meaning is uncertain and doubtful or it is reasonably susceptible to more than one meaning. *Id*. Whether a contract is ambiguous is a question of law for the court to decide by looking at the contract as a whole in light of the circumstances present when the contract was entered. *Coker v. Coker*, 650 S.W.2d at 394. When a contract contains an ambiguity, the granting of a motion for summary judgment is improper because the interpretation of the instrument becomes a fact issue. *Id*.

Walt added several provisions to the Agreement. Looking at the drafted Agreement with the handwritten provisions, it is ambiguous whether Walt intended that another Agreement would be drafted to include his additional provisions. The Agreement does not clearly incorporate the additional provisions. Walt indicates that he "will" agree to the purchase price and enter "an" agreement. The meaning of the additional provisions is uncertain and susceptible to more than one meaning.

The parties were under time restraints as they were scheduled for a hearing to enter judgment on the jury verdict. The parties informed the trial court that they reached an agreement and they did not need the trial court to enter an order or any relief between the parties. However, the terms of the Agreement were not disclosed to the trial court. It is unclear whether the parties agreed that the Agreement was the final agreement between the parties or that they had agreed that they had reached an agreement to settle the dispute and would not need the trial court to enter an order.

We find that the Agreement with the handwritten provisions contains an ambiguity. The granting of the partial motion for summary judgment was improper because the interpretation of the instrument is a fact issue. We sustain the Graves' second issue. Because of our disposition of the second issue, we need not address the remaining issues. *See* TEX. R. APP. P. 47.1.

## Conclusion

We reverse the trial court's judgment granting the McCallas' motion for partial summary judgment and the trial court's final judgment. We remand for further proceedings consistent with this opinion.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
      (Justice Gray concurring)
Reversed and remanded
Opinion delivered and filed July 26, 2012
[CV06]