# IN THE SUPREME COURT OF TEXAS

══════════
No. 12-0907
══════════

ANTHONY L. MCCALLA AND CHERYL A. MCCALLA, PETITIONERS,

v.

BAKER'S CAMPGROUND, INC., KELLI GRAVES, AND KOURTNIE GRAVES,
RESPONDENTS

═══════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE TENTH DISTRICT OF TEXAS
═══════════════════════════════════════════════════════

**PER CURIAM**

The sole question in this case is whether a settlement agreement that includes all the terms necessary for the contract's enforcement is an enforceable contract as a matter of law, even if some of its terms seem to imply that the parties contemplate forming an additional contract in the future. We hold that such a contract is enforceable.

Respondents Baker's Campground, Inc. and Kelli and Kourtnie Graves (collectively Baker's Campground) are successors-in-interest to 380 acres of land once owned by Baker (now deceased). Petitioners the McCallas entered into a lease agreement with Baker. The lease contained an option that allowed the McCallas to buy the land if Baker decided to sell it. Even as this lease was ongoing, Baker leased the land to the Davises (who are not involved in the present litigation). The McCallas brought suit against Baker and the Davises to void the Davises' lease and to exercise the McCallas'

option to buy the land. The McCallas obtained a favorable jury verdict that would have allowed the McCallas to exercise the option to buy the land.

After the jury verdict but before judgment was rendered, the McCallas and Baker entered into settlement negotiations. They ultimately produced the settlement agreement that is the basis of the present lawsuit. The agreement provided that the McCallas and Baker released each other from any claims related to the lawsuit. The McCallas also agreed to purchase land identified as "the 380 acres more or less of land which was the subject of the litigation" for $470,000. The McCallas only became obligated to buy the land if the Davises' lease was finally "declared null and void as a matter of law" in the course of the litigation. If the Davises' lease was found to be void, the McCallas would then have 60 days to close on the purchase. The parties agreed "to execute any documents that [were] reasonable and necessary to carry out the terms and provisions of this Agreement." The contract stated that it "shall be binding upon . . . the parties . . . ."

The McCallas signed on a line under these terms. Additional handwritten terms underneath these signature lines are initialed by the McCallas, and Baker signed underneath these handwritten additions. The handwritten additions include provisions that "I will agree to $470,000 purchase price above" and that "I agree to enter an agreement as discussed above."

After entering into this settlement agreement, the McCallas and Baker told the trial court that they had reached an agreement but that they did not want to disclose the terms of the agreement. The McCallas' attorney stated that they "have settled all matters as between them," and Baker's attorney "confirm[ed] with everything he just said." Accordingly, the trial court entered a take-nothing verdict in Baker's favor.

2

The trial court entered judgment against the Davises based on the jury verdict. The court of appeals ultimately found that the Davises' lease was "unconscionable and unenforceable, not void." *Ski River Dev., Inc. v. McCalla*, 167 S.W.3d 121, 128 (Tex. App.—Waco 2005, pet. denied).

The McCallas promptly attempted to exercise their right to buy the property under the settlement agreement, but Baker's Campground declined to sell the property. Instead, Baker's Campground brought a declaratory judgment action to void the settlement agreement. The trial court rendered a partial summary judgment for the McCallas, finding that the settlement agreement was an enforceable contract. The trial court then rendered a final judgment for the McCallas based upon stipulated facts. The final judgment incorporated the partial summary judgment and found that the McCallas owned the property and were due the profits Baker's Campground had made on the property after the settlement agreement was breached.

The court of appeals reversed and remanded to the trial court. ___ S.W.3d ___. The court found that, because the settlement agreement's handwritten terms said that "I *will* agree" and "I agree to enter *an* agreement" (emphases added), the agreement was ambiguous as to whether it was a presently binding contract or merely an agreement to agree. *Id.* at ___. Because the settlement agreement was ambiguous, the court held that determining its enforceability was a fact issue that should not have been determined by summary judgment. *Id.*

Assuming arguendo that the settlement agreement was an agreement to enter into a future contract, the court of appeals erred in finding that the settlement agreement's enforceablity was a question of fact rather than a question of law. Agreements to enter into future contracts are enforceable if they contain all material terms. *Fort Worth Ind. Sch. Dist. v. City of Fort Worth*, 22

3

S.W.3d 831, 846 (Tex. 2000); *Radford v. McNeny*, 104 S.W.2d 472, 474–75 (Tex. 1937). After all, the reason agreements to enter into future contracts are often unenforceable is that courts have no way to determine what terms would have been agreed to after negotiation. *Id.* at 474. This concern is not present when the agreement to enter into a future contract already contains all the material terms of the future contract.

Here, the settlement agreement did contain all the material terms of the future contract. The material terms of a contract are determined on a case-by-case basis. *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992). Here, the settlement agreement involves the settlement of a lawsuit and the sale of real property. The settlement agreement contained a general release, a description of the real property to be sold, the timeline for closing the real property sale, the identities of the transferor and transferee of the real property, and the price of the real property. The agreement did not indicate that these or any other terms remained open for negotiation. If a court was trying to enforce the settlement agreement, it could find all the terms necessary for its enforcement. *See Fort Worth Ind. Sch. Dist*, 22 S.W.3d at 846. Therefore, the agreement contains all material terms and is an enforceable contract.

Accordingly, the settlement agreement was an enforceable contract as a matter of law, and we reverse the court of appeals' judgment. However, Baker's Campground also argues that the trial court granted more relief to the McCallas than the McCallas requested in their summary judgment motion by finding breach of the settlement agreement and failing to consider Baker's Campground's affirmative defenses. Baker's Campground presented these issues to the court of appeals, but the court of appeals did not reach them. ___ S.W.3d at ___ ("Because of our disposition of the second

issue, we need not address the remaining issues."). The McCallas concede in their Reply Brief to this Court that "the question of breach of that agreement and [Baker's Campground's] affirmative defenses . . . have not yet been properly adjudicated by the trial court." Because the McCallas concede these issues were not "properly adjudicated," we see no reason to remand the case to the court of appeals to consider these issues. Instead, we remand the case to the trial court for further proceedings consistent with this opinion.

**OPINION DELIVERED:** August 23, 2013